

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable J. C. Hamilton
County Auditor
Eotor County
Odessa, Texas

Dear Sir:

Opinion No. O-4555
Re: Is the Commissioners' Court
legally authorized to allow
or pay a claim of the county
tax assessor-collector for
$25.00 or any amount per month,
for car expense or traveling
expense, other than actual
or necessary expenses of his
office, where the county is
operating on a salary basis?

We have your letter of April 18, 1942, requesting
the opinion of this department on the above stated question
which reads as follows:

"Article 3899, section 3 of the Vernon's
Texas Revised Civil Statute, reads as follows:

"'Each officer named in this act, where
he receives a salary as compensation for
his services, shall be empowered and per-
mitted to purchase and have charged to his
county all reasonable expenses necessary
in the proper and legal conduct of his
office, such expenses to be passed on, pre-
determined and allowed in kind and amounts,
as nearly as possible by the commissioners
court once each month for the ensuing
month, etc'.

"Would the commissioners Court be author-
ized to either allow or pay a claim of the
County Tax Assessor and Collector for twenty
five dollars or any amount per month, for car
expense or traveling expense, other than actual

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

and necessary expenses of his office, where the county is operating on a salary basis."

The first two paragraphs of section b of Article 3899, Vernon's Annotated Civil Statutes, as amended by the 47th Legislature, Acts 1941, page 1390, chapter 629, provides:

"(b). Each officer named in this Act, where he receives a salary as compensation for his services, shall be entitled and permitted to purchase or charge to his county all reasonable expenses necessary in the proper and legal conduct of his office, premiums on officials' bonds, premiums on fire, burglary, theft, robbery insurance protecting public funds, and including the cost of surety bonds for his deputies, provided that expenses incurred for premiums on officials' bonds for the county treasurer, county auditor, county road commissioners, county school superintendent, and the hide and animal inspector, including the cost of surety bonds for any deputies of any such officers, may be also included, and such expenses to be passed on, predetermined and allowed in the time and amount, as nearly as possible, by the Commissioners Court once each month for the ensuing month, upon the application by each officer, stating the kind, probable amount of expenditure and the necessity for the expenses of his office for such ensuing month, which application shall, before presentation to said court, first be endorsed by the county auditor, if any, otherwise the county treasurer, only as to whether funds are available for payment of such expenses. The Commissioners Court of the county of the sheriff's residence may, upon the written and sworn application of the sheriff stating the necessity therefor, purchase equipment for a Bureau of Criminal Identification, such as cameras, fingerprint cards, inks, chemicals, microscopes, radio and laboratory equipment, filing cards, filing cabinets, tear gas and other equipment, in keeping with the system in use with the Department of Public Safety of this State, or the United States Department of Justice and/or Bureau of Criminal Identification,

"Such purchases shall be made by each
officer, when allowed, only by requisition
in manner provided by the county auditor, if
any, otherwise by the Commissioners Court.
Each officer, shall, at the close of each
month of his tenure of office, make an item-
ized and sworn report of all approved expenses
—incurred by him and charged to his county, ac-
companying such report with invoices covering
such purchases and requisitions issued by him
in support of such report. If such expenses
be incurred in connection with any particular
case, such report shall name such case. Such
report, invoices, and requisitions shall be
subject to the audit of the county auditor,
if any, otherwise by the Commissioners Court,
and if it appears that any item was not in-
curred by such officer, or that such item was
not a necessary or legal expense of such
office, or purchased upon proper requisition,
such item shall be by said county auditor or
court rejected, in which case the payment of
such item may be adjudicated in any court of
competent jurisdiction. All such approved
claims and accounts shall be paid from the
Officers Salary Fund unless otherwise provided
herein."

The above mentioned statute authorizes and permits
certain county officials named in the act, who are compensated
on a salary basis for their services, to purchase or charge to
their counties all reasonable expenses necessary in the proper
and legal conduct of their offices as provided by said stat-
ute. This or any other statute that we have been able to find
does not empower or authorize the Commissioners' Court to al-
low or pay the county tax assessor-collector $25.00 or any other
amount per month for car expenses or traveling expenses. It
is well established in this State that the Commissioners' Courts
possess no power or authority except that which is conferred
on them, either expressly or by necessary implication, by the
Constitution and laws of this State.

Therefore, it is our opinion that the Commissioners'
Court has no power or authority to allow or pay the county tax
assessor-collector any definite or certain amount per month
for car expenses or traveling expenses. It is our further
opinion that the Commissioners' Court can legally allow or pay

Honorable J. C. Hamilton, Page 4


all reasonable expenses actually incurred by the tax assessor-collector in the proper and legal conduct of his office, such as, car expense or traveling expenses, when all the provisions of the above mentioned statute are complied with.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Ardell Williams
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

AW:GO

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN
